## John Ellis v. The State.

No. 12776.   Delivered December 11, 1929.
Rehearing denied January 29, 1930.
Reported in 24 S. W. (2d) 45.

The opinion states the case.

*J. G. Minkert* of Bryan, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

The facts in this case seem ample to support the verdict and judgment.   Officers went to appellant's butchershop on the day in question and as soon as they entered he began to break containers having in them whisky.   The only defensive testimony introduced was that of the city secretary in an effort to show that the description of the property in the search warrant was insufficient.   There was also introduced a small part of the examining trial testimony of one of the officers, which is not material here.

The record contains seven bills of exception.   The first complains of the overruling of a motion to quash the search warrant because of the claim that the affidavit therefor was based on information

and belief, and that it did not sufficiently describe the premises. The premises were described in the affidavit as being "A certain building occupied and controlled by John Ellis as his business residence, that said building is located on 22nd Street, known as the Parson's Building, Bryan, Texas, in the County of Brazos and State of Texas." It is alleged that the two affiants have reason to believe and do believe that intoxicating liquors are illegally possessed, sold and manufactured in said dwelling in violation of law. It is further stated that the affidavit is based upon the following facts, circumstances and information, to-wit: That affiants have been informed by Alec Lewis that the said John Ellis is now selling intoxicating liquor and now has said intoxicating liquor in his possession in said building. We are of opinion that the overruling of this motion by the trial court was entirely correct. The street on which the building was located was given, as was the name by which the building was called, and that it was occupied by this appellant as his business residence. There is nothing in any of the bills of exception showing that any other such building existed. The fact that the information had by the affiants was stated in the affidavit made by them, was sufficient to remove the affidavit from the domain of affidavits made purely upon information and belief. This court has often upheld similar affidavits.

There is a bill of exception setting forth that appellant excepted to said indictment because it did not show upon which of two search warrants same was based. There is nothing in the bill or accompanying it, supporting any such objection, or showing that any ruling was called for by the trial court. A somewhat similar proposition is contained in the third bill of exception which sets up that appellant asked that the State be required to elect upon which of two search warrants it would proceed in the trial of this case. We find nothing in the record at all reflecting the fact that there was more than one search warrant, nor is it properly shown that there was any reason for the election referred to.

Bills of exception Nos. 4, 5, 6 and 7 were taken to the introduction of the testimony of four men who were present at the search of appellant's butchershop, and each of whom testified to the finding of a quantity of whisky on the premises. It is shown without controversy that appellant broke a number of containers, among others, a half gallon jar and a quart jar which were full of whisky.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the light of appellant's motion we have again examined the record. Nothing has been discovered which leads us to believe our original opinion was erroneous.

The motion for rehearing is overruled.

*Overruled.*